IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**ALMA PARRA,**

       **Plaintiff,**

**v.**                             **No. CIV 01-326 BB/WWD**

**WORKMEN'S AUTO INSURANCE COMPANY and SIGFRIEDO MONTANO a.k.a. Domingo Ramirez Lopez,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's motion to remand [#5] based on a lack of evidence of the requisite jurisdictional amount, and the Court having considered all the submissions of the parties and being otherwise apprised, finds that if Plaintiff is willing to stipulate she will not seek or recover in excess of $75,000, the case will be remanded to state court.

### *Facts and Argument*

On February 14, 2001, Plaintiff filed her complaint for declaratory judgment and damages in the First Judicial District Court for the State of New Mexico. Defendant Workmen's Insurance Company ("Workmen's") filed a notice of removal in this Court

on March 23, 2001.[1]  Workmen's asserts that this matter "exceeds the sum or value of $75,000," but failed to present any underlying facts.  Notice of Removal at 2.  Consistent with New Mexico pleading practice,[2] the complaint does not allege any dollar amount.

To its response to Plaintiff's remand motion, Workmen's attached two letters from Plaintiff's attorney upon which it relies to support its contention Plaintiff's claim is worth in excess of $75,000.  In the letter of January 8, 2001, Plaintiff's counsel restates "our policy limits demand for $75,000."  In the January 16 letter, Plaintiff's counsel indicates "Ms. Parra's medical billings are now approaching $25,000 and "we believe the case to be worth $250,000."  Counsel also again reiterates his demand "that Workmen's pay the policy limits of $75,000, at this time."  Defense counsel further notes that in addition to the $75,000 demand, Plaintiff has additionally sought attorney's fees under NMSA 1978 § 39-2-1 (Repl. Pamp. 1991).

In response, Plaintiff's counsel notes Workmen's clearly does not believe the case is worth more than $75,000 because their highest offer to date is $5,000.  Plaintiff's counsel has also attached a letter written to defense counsel in which he stated "my client hereby waives her claim to any and all amounts in excess of the policy limits of $75,000" and requested defense counsel stipulate to state jurisdiction.

---

[1]  Defendant Sigfriedo Montano is apparently a Mexican national who has not been served.

[2]  *See* Rule 1-010(B) NMRA.

### *Discussion*

When a diversity case is removed to federal court, the removing party has the burden of proving the required jurisdictional threshold. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-9 (1936); *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222 (3d Cir. 1999). If the state court complaint is silent, then, the defendant bears the burden of introducing sufficient facts to prove the claim actually satisfies federal jurisdiction. *Meritcare, supra*; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). There is a strong presumption on removal plaintiff is not seeking enough to satisfy federal diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-9 (1938); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

In making the determination required, "the Court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff's non-sworn letters submitted to the court or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." 16 MOORE'S FED. PRACTICE § 107.14[2][g] at 107-70 (Bender's 3d ed.). Since there is a presumption in favor of the forum selected by Plaintiff,[3] a disavowal of any intent to collect more than the federal jurisdictional threshold, in the absence of strong proof to the contrary, is generally treated as dispositive. *Asociacion Nacional de Pescadores a Pequena Escala v. Dow*

---

[3] *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *cf. Shamrock Oil & Gas v. Sheets*, 313 U.S. 100 (1941) (defendant's right to remove is not equal to plaintiff's selection of forum).

*Quimica*, 988 F.2d 559, 564 (5th Cir. 1993); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996). Defendant has adduced some evidence, but is effectively countered by Plaintiff's evidence. Therefore, if Plaintiff's counsel files an affidavit executed by Plaintiff that she is not seeking and will not accept more than $75,000, the motion to remand will be granted. *See Matney v. Wenger Corp.*, 957 F. Supp. 942 (S.D. Tex. 1997); *Cotton States Mut. Ins. Co. v. Peacock*, 949 F. Supp. 823 (M.D. Ala. 1996).

### O R D E R

If, within twenty (20) days of the entry of this order, Plaintiff files a stipulation indicating she is not seeking and will not accept more than $75,000 in damages, Plaintiff's Motion to Remand is GRANTED; otherwise, the motion will be DENIED.

Dated at Albuquerque this 30th day of July, 2001.

                                                                              *[signature]*
                                                                              **BRUCE D. BLACK**
                                                                              United States District Judge

**Counsel for Plaintiff:**
    Douglas Booth, Santa Fe, NM

**Counsel for Defendant Workmen's:**
    Jeffrey E. Jones, Miller Stratvert & Torgerson, Santa Fe, NM